

**FILED**
SEP 14 2022
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Name: Fernando Gastelum
Address: 209 W. 9th Street, Casa Grande, AZ 85122
Telephone Number: Number: 520-560-0927
Email: fernandog8899@gmail.com
*Pro se*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Fernando Gastelum,

    Plaintiff,

vs.

Shop Q, Inc.

    Defendant.

Case No.: 1:22-cv-1176 EPG

**Verified Complaint**

1. Americans with Disabilities Act
2. California's and Unruh Civil Rights Act
3. California's Disabled Person's Act

Plaintiff Fernando Gastelum complains and alleges as follows:

## PARTIES

1. Plaintiff is a senior citizen with physical disabilities. Plaintiff is missing a leg.
2. Plaintiff's residence is in Casa Grande, Arizona.
3. Since 2015, Plaintiff has been using a wheelchair for mobility in locations that are designed for wheelchair use.
4. Where public accommodations are not wheelchair friendly and wheelchair accessible, Plaintiff is compelled to ambulate with the use of a prosthetic leg and a cane.
5. Defendant owns a public accommodation located at or about 675 East Shaw Ave, Fresno, CA 93719("Store").
6. The Store is open to the public, a place of public accommodation, and a business establishment.

## JURIDICTION AND VENUE

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and California's Disabled Persons Act.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff visited the Store on or about May 18, 2022, and shopped there.

11. On the date of the plaintiff's visit, Plaintiff discovered that the Store was not compliant with the disability access laws in the following detail:

   a. The service counter did not have a 36" long lowered section uncluttered with merchandise[1]. This condition makes Plaintiff's use of the payment counter more difficult. This condition violates accessibility standards at 904.4.1.

   b. Clear width of accessible routes was less than 36" between displays of merchandise. This condition makes it more difficult for Plaintiff to shop between displays of merchandise. This condition violates accessibility standards at 403.5.1.

   c. The operable part of the fitting room door required the twisting of the wrist. This condition makes it more difficult for Plaintiff to open the door. This condition violates accessibility standards at 309.4.

12. These barriers relate to and impact Plaintiff's disability and denied Plaintiff full and equal access.

---

[1] See U.S. Dept. of Justice, *Maintaining Accessible Features in Retail Establishments* Checklist at 15. https://www.ada.gov/business/retail_access.htm

13. The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers that are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

14. Plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit once he conducts discovery pursuant to Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**FIRST CAUSE OF ACTION: ADA**
(42 U.S.C. section 12101, et seq.)

15. Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained elsewhere in this verified complaint.

16. Plaintiff visits the geographical area where the Store is located on a regular basis two to four times per year and has been visiting the geographical area for many years in the past.

17. Plaintiff intends to continue visiting the geographical area where the Store is located on a regular basis at the rate of two to four times per year for the near future.

18. Plaintiff has conducted business at the Store numerous times in the past and desires to conduct business there in the future.

19. Plaintiff conducts business at the Store because it is reasonably priced and within Plaintiff's budgetary limits.

20. The style, price and location of the Store are convenient to Plaintiff when visiting or traveling in the geographical area where the Store is located.

21. Plaintiff has a desire to revisit the Store during his regular visits to the geographical area where the Store is located but only if the Store is made

accessible not only in the particulars alleged here, but also with respect to other barriers to disability that may be discovered during the discovery process.

22. Defendant violated Plaintiff's rights under the ADA.

## SECOND CAUSE OF ACTION - UNRUH ACT
(Cal. Civ. Code § 51-53.)

23. Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

24. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b). Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

25. The Store violated the Unruh Act by denying Plaintiff's rights to full and equal use of the Store.

26. Defendant's violation of the Unruh Act makes Defendant responsible for statutory civil penalty. (Civ. Code § 55.56(a)-(c).

## THIRD CAUSE OF ACTION - DISABLED PERSONS ACT
(Cal. Civ. Code §§54-54.3)

27. Plaintiff incorporates all allegations contained elsewhere in this verified complaint.

28. Defendant violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

29. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

30. Plaintiff has been aggrieved by each of Defendant's non-compliance with the DPA.

31. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

32. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court award damages and provide relief as follows:

a. For injunctive relief compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act.

b. For injunctive relief requiring Defendant to adopt written and enforceable "reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." assure compliance with 42 U.S.C. §12182(b)(2)(A)(ii) / 28 C.F.R. §36.302.

c. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each encounter for the total of $8,000.00.

d. In the event Plaintiff is required to hire counsel, for reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by a jury.

## VERIFICATION

I verify that the allegations above are true to the best of my k knowledge, information and belief.

DATED  9-7-22  .

_____
Fernando Gastelum